IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **WILLIE BAYS,** | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil No. **09-466-CJP**[1] |
| | ) | |
| **LISA J. W. HOLLINGSWORTH,** | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM and ORDER**

**PROUD, Magistrate Judge:**

Petitioner Willie Bays is an inmate in the BOP, incarcerated at USP-Marion. He filed a Petition for Writ of Habeas Corpus pursuant 28 U.S.C. §2241, challenging the calculation of his sentence. Bays contends that he should be given credit on his federal sentence for time he spent in federal custody prior to the imposition of sentence, despite the fact that he was given credit for that time on a prior state sentence.

At the time of his federal indictment, Bays was serving a state sentence in the Commonwealth of Kentucky. In 2003, Bays was sentenced to five years imprisonment on a state probation revocation. On August 23, 2004, he was sentenced in another state case to two years imprisonment, to be served consecutive to the first sentence. See, Doc. 1, p. 3. Bays was indicted for possession with intent to distribute crack cocaine in the Western District of Kentucky on January 5, 2005. On April 14, 2005, he was taken into federal custody pursuant to

---

[1]This case was referred to the undersigned for final disposition upon consent of the parties, pursuant to 28 U.S.C. §636(c). See, Doc. 9.

1

a writ of habeas corpus ad prosequendum. (Doc. 11, Ex. 2, p. p. 6-7).[2] He plead guilty to the federal charge. On May 26, 2006, U.S. District Judge Joseph H. McKinley, Jr., sentenced petitioner to 140 months imprisonment, to be served consecutive to his state sentence. See, Doc. 11, Ex. 2, p. 10. On June 7, 2006, Bays was returned to the state to serve the rest of his state sentence. (Doc. 11, Ex. 2, p. 4, docket entry number 35). Thus, the period of time at issue here is from April 14, 2005, through June 6, 2006, approximately 14 months.

Kentucky paroled Bays on August 9, 2006, and he began serving his federal sentence on that date. Doc. 1, p. 3. His projected release date via good conduct credit is October 7, 2016. (Doc. 11, Ex. 1, p. 4).

Bays contends that he is entitled to credit for the 14 months that he spent in federal custody prior to sentencing because Judge McKinley indicated at sentencing that he would receive such credit.

## **Analysis**

The Attorney General, acting through the Bureau of Prisons, calculates a defendant's sentence "as an administrative matter when imprisoning the defendant." ***United States v. Wilson*, 112 S.Ct. 1351, 1355 (1992).** The calculation, i.e., the execution, of the sentence can be challenged in a Section 2241 petition. **See, *Romandine v. U.S.*, 206 F.3d 731, 736 (7th Cir. 2000)**.

It is undisputed that Bays received credit for the 14 months at issue on his state sentence. Therefore, he cannot receive credit for that time on his federal sentence. 18 U.S.C. §3585(b)

---

[2]In referring to exhibits, the Court will refer to the exhibit and page designation as assigned by the CM/ECF system.

states that credit on a federal sentence can only be given for pretrial detention time "that has not been credited against another sentence." **See, *U.S. v. Ross*, 219 F.3d 592, 594 (7th Cir. 2000)**.

Bays acknowledges that 18 U. S. C. §3585(b) "generally prohibits an award of double credit." (Doc. 1, p. 5.) However, he asserts that Judge McKinley's statements at sentencing indicate that the judge intended that 14 months of his sentence run concurrently with his state sentence. As authority for this position, he relies on ***Rios v. Wiley*, 201 F.3d 257 (3d Cir. 2000)**. This reliance is misplaced for several reasons. First, ***Rios*** was decided by the Third Circuit Court of Appeals, and is not authoritative precedent for this Court. Secondly, ***Rios*** is no longer good law even in the Third Circuit because it was decided under a section of the Sentencing Guidelines (§5G1.3) that has since been amended. See, ***U.S. v. Saintville*, 281 F.3d 246 (3d Cir. 2000)**, wherein the Third Circuit recognizes that ***Rios*** has been abrogated. Thirdly, a federal sentence begins to run "on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service at, the official detention facility at which the sentence is to be served." 18 U.S.C. §3585(a). Bays' federal sentence began to run on August 9, 2006. Thus, the 14 months prior to the imposition of sentence could not possibly be deemed to be a portion of the federal sentence running concurrently with the state sentence.

The short answer is that petitioner cannot receive credit for the 14 months prior to his federal sentencing because he received credit for that time on his state sentence and 18 U.S.C. §3585(b) prohibits double credit. Regardless, Bays suggests that the judge's comments at sentencing indicated that the judge intended that he receive such credit. Even if this were true, it would not entitle Bays to habeas relief. It has long been clear that a sentencing judge does not have the authority to award credit for time served; such authority is vested in the Attorney

3

General, acting through the BOP. **United States v. Wilson, 112 S. Ct. 1351, 1354 - 1355 (1992).**

In any event, while the possibility of credit for the 14 months was discussed at sentencing, the transcript indicates that Judge McKinley correctly understood that the Attorney General would determine whether Bays would be entitled to such credit. Judge McKinley clearly stated, "I'm not giving it to him now." (Doc. 17, Ex. 1, pp. 12-13).

Lastly, to the extent that Bays' petition can be read as asserting a claim that Judge McKinley erred in the length of the sentence which he imposed, that claim cannot be considered here because it is not properly brought in a petition under section 2241. **See, Carnine v. U.S., 974 F.2d 924, 927 (7th Cir., 1992)**(where alleged error occurred at or prior to sentencing, the remedy is under section 2255, not section 2241). The Court notes that Judge McKinley has already denied petitioner's motion for reduction of sentence under 18 U.S.C. §3582(c)(2). Doc. 11, Ex. 2, p. 29.

## Conclusion

For the foregoing reasons, Willie Bays' Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. §2241 **(Doc. 1)** is **DENIED**.

The Clerk of Court is directed to enter judgment in favor of respondent.

**IT IS SO ORDERED.**

**DATE: February 24, 2011.**

                                          **s/ Clifford J. Proud**
                                          **CLIFFORD J. PROUD**
                                          **UNITED STATES MAGISTRATE JUDGE**