IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **WILLIE BAYS,** | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil No. **09-466-CJP**[1] |
| | ) | |
| **LISA J. W. HOLLINGSWORTH,** | ) | |
| | ) | |
| Respondent. | ) | |

# MEMORANDUM and ORDER

**PROUD, Magistrate Judge:**

Before the Court is petitioner Bays' Objection to Magistrate's Memorandum and Order, which the Court construes as a Motion to Alter or Amend the Judgment pursuant to Fed.R.Civ.P. 59(e). **(Doc. 22).** Respondent filed a response at **Doc. 24.**

Bays filed a Petition for Writ of Habeas Corpus pursuant 28 U.S.C. §2241. Bays contends that he should be given credit on his federal sentence for time he spent in federal custody prior to the imposition of sentence, approximately fourteen months, despite the fact that he was given credit for that time on a prior state sentence.

Bays mailed his motion on March 23, 2011, which was within 28 days of the entry of judgment denying his petition. Applying the mailbox rule, see ***Jones v. Bertrand*, 171 F.3d 499, 501-02 (7th Cir. 1999)**, the Court considers this to be a timely-filed Rule 59 motion.

"Rule 59(e) allows a court to alter or amend a judgment only if the petitioner can demonstrate a manifest error of law or present newly discovered evidence." ***Obriecht v.***

---

[1]This case was referred to the undersigned for final disposition upon consent of the parties, pursuant to 28 U.S.C. §636(c). See, Doc. 9.

1

*Raemisch*, 517 F.3d 489, 494 (7th Cir. 2008). "The rule does not provide a vehicle for a party to undo its own procedural failures, and it certainly does not allow a party to introduce new evidence or advance arguments that could and should have been presented to the district court prior to the judgment." *Moro v. Shell Oil Company*, 91 F.3d 872, 876 (7th Cir. 1996).

Petitioner argues first that this Court erred in rejecting his argument that the sentencing judge, Judge McKinley, did not intend to give him credit for the 14 months that he had spent in federal custody prior to sentencing. Specifically, he points to a passage in the memorandum and order denying his petition, wherein the Court observed as follows:

> In any event, while the possibility of credit for the 14 months was discussed at sentencing, the transcript indicates that Judge McKinley correctly understood that the Attorney General would determine whether Bays would be entitled to such credit. Judge McKinley clearly stated, "I'm not giving it to him now."

**Doc. 20, p. 4.**

Somewhat inexplicably, petitioner argues that this Court was wrong in saying that the above discussion took place at his sentencing. He claims that Judge McKinley actually made the above statement "at" his motion for sentence reduction pursuant to 18 U.S.C. §3582(c)(2). He is incorrect. The transcript of the sentencing hearing is attached to Doc. 17 as Exhibit 1. The transcript confirms that the discussion referred to above occurred at sentencing. See, Doc. 17, Ex. 1, pp. 12-15.

Bays' second point relies on Section 5G1.3 of the Sentencing Guidelines. In his petition, he advanced an argument based on an outdated version of that Guideline provision. He now argues for the first time that the applicable version of Section 5G1.3 gave the sentencing court the authority to adjust his sentence to take into account the fact that the BOP would not give him credit for the fourteen months at issue.

Laying aside the fact that Bays is advancing this argument for the first time in a post-judgment motion, the argument is not a basis for relief under 28 U.S.C. §2241. Bays' second point is not a challenge to the calculation of the time he is to serve. Rather, it is an assertion that the sentencing court erred in the length of the sentence that it imposed. That claim cannot be brought in a Section 2241 petition. **See, *Carnine v. U.S.*, 974 F.2d 924, 927 (7th Cir., 1992)**(where alleged error occurred at or prior to sentencing, the remedy is under section 2255, not section 2241). This Court cannot consider a claim that the sentencing court misapplied the sentencing guidelines on a Section 2241 petition.

Bays has not demonstrated that the Court erred in denying his petitioner for habeas relief. Therefore, petitioner's Motion to Alter or Amend the Judgment pursuant to Fed.R.Civ.P. 59(e) **(Doc. 22)** is **DENIED**.

**IT IS SO ORDERED.**

**DATE:** April 7, 2011.

s/ Clifford J. Proud
**CLIFFORD J. PROUD**
**UNITED STATES MAGISTRATE JUDGE**